Daniel S. Mount, Esq. (Cal. Bar No. 77517)
Jing H. Cherng, Esq. (Cal. Bar. No. 265017)
Mount, Spelman & Fingerman, P.C.
RiverPark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: dmount@mount.com, gcherng@mount.com

Counsel for Mount, Spelman & Fingerman, P.C.

United States District Court
Northern District of California, San Jose Division

| | |
|---|---|
| KYE Systems America Corporation<br><br>          Plaintiff,<br>vs.<br>Primax Electronics Ltd.<br><br>          Defendant<br>and Related Counterclaims and Third Party Claims | Case No. 5:11-mc-80121-LHK-HRL<br><br>**Nonparty Mount, Spelman & Fingerman, P.C.'s Opposition to Defendant Primax's Motion to Compel**<br><br>Date:    July 12, 2011<br>Time:   10:00 AM<br>Room:  Courtroom 2, 4th Floor<br>Judge:  Howard R. Lloyd |

Nonparty Mount, Spelman, & Fingerman, P.C., respectfully submits this brief in opposition to Primax's Motion to Compel.

**Facts**

**MS&F's Files**

MS&F was served with the subpoena on March 15, 2011.[1] On March 31, 2011, MS&F served a written objection upon counsel for Primax objecting to each and every Request on the grounds of privilege.[2] MS&F located three boxes of documents related to its prior representation of MSC. In the interests of expeditious resolution, MS&F reached out to MSC's current counsel, Foley & Lardner LLP, and sent the documents to Foley with the understanding that Foley assist in asserting privilege in MS&F's files and assembling a privilege log.[3] MS&F counsel invited counsel for Primax and KYE to engage in a fruitful dialogue regarding the discovery of the files, to no avail.[4]

One month after receiving MS&F's files, Foley informed MS&F that its understanding of the situation differed from MS&F, that it would not assist MS&F in assembling a privilege log, and returned the boxes.[5] Soon thereafter, MS&F located three more boxes of documents in its storage facility. Primax has declined to narrow the scope of its requests or specify with more clarify what documents it seeks.[6] However, MS&F expects to continue its efforts in responding to the subpoena, but has lost valuable time that could have been spent responding to the subpoena, instead being forced to oppose the motion.

**The Main Action**

Meanwhile, in the main action pending in the Central District, Primax and KYA, KYE, and MSC ("Plaintiffs") engaged in an apparently contentious discovery dispute encompassing discovery requests made under Rules 33, 34, and 36. On May 18, Primax filed a motion to compel against Plaintiffs, accompanied *inter alia* by a 173 page joint stipulation regarding the parties' positions on

---

[1] Mot. to Compel, Exh. A.
[2] *Id.* Exh. B.
[3] Cherng Declaration ¶ 1
[4] Cherng Declaration ¶ 2
[5] Cherng Declaration ¶ 3
[6] Cherng Declaration ¶ 14

the disputed requests under Rule 34.[7] Two days later, the magistrate judge denied the motion, finding that the parties had not met and conferred in good faith, instructed them to do so, and file any necessary motions to compel by June 5th.[8] As of June 21, Primax has not re-filed the motion.

**Analysis**

### MS&F's Actions Comply with the Federal Rules

A party subpoenaed under Rule 45 may make a written objection to the subpoena.[9] After a written objection has been made, "the party serving the subpoena may not have access to the requested documents absent a court order."[10]

While Rule 34(b)(2)(B) requires that *parties* respond to requests for production with specificity, Primax cites to the 1991 Advisory Committee Notes on Rule 45 commenting that nonparty witnesses and parties are subject to the same *scope of discovery*, for the proposition that nonparty witnesses must comply with Rule 34(b)(2)(B). This assertion lacks merit. Rule 26(b) defines "scope of discovery" as "any nonprivileged matter that is relevant to any party's claim or defense." Rule 45 requires only that a nonparty subject to a subpoena *duces tecum* file a written objection to "inspecting, copying, testing or sampling *any or all* of the materials."[11] Rule 34 distinguishes between "responses" and "objections."[12] Only "responses" are subject to the specificity requirement.[13] Moreover, Rule 45 does not restrict the form of an objection.[14]

A party withholding information based on privilege must expressly make the claim and describe the nature of the withheld information in a manner that will allow the parties and the court to assess the claim.[15] However, while objections must be made in a timely manner, the privilege log

---

[7] Cherng Declaration ¶ 15.
[8] Cherng Declaration ¶ 16
[9] Fed. R. Civ. P. 45 (c)(2)(B).
[10] *Unigene Laboratories, Inc. v. Apotex, Inc.*, 2007 U.S. Dist LEXIS 78410, *5 (N.D. Cal. Oct. 10, 2007). *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983); *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 208 (D.D.C. 2000) (failure to produce could not be punished because nonparty timely objected to plaintiff's subpoena).
[11] Fed. R. Civ. P. 45(c)(2).
[12] Fed. R. Civ. P. 34(b) ("Responses and Objections").
[13] Fed. R. Civ. P. 34(b)(2)(B).
[14] *Broussard v. Lemons*, 186 F.R.D. 396, 397 (W.D. La. 1999)
[15] Fed. R. Civ. P. 45(d)(2)(A).

1 may follow the initial objections.[16]

2 Primax contends that MS&F's objection to the subpoena constitutes a waiver of privilege. In
3 support, Primax cites to cases interpreting Rule 34. However, as discussed above, Rule 34's
4 requirement does not apply to written objections to a subpoena. Even if this requirement did apply,
5 MS&F's objection does not support a finding of waiver, as Rule 45 does not restrict the form of an
6 objection, and every request is objectionable on either attorney-client privilege (seeing either
7 "analysis of issues" by MS&F, communications with Plaintiffs, or the inventor of the '455 Patent,
8 whether or not initiated by MS&F), or work product privilege grounds (drafts of declarations, PTO
9 filings), or both.

10 Primax further argues that the lack of a privilege log waives the privilege, relying on the five
11 factors listed in *Cunningham v. Conn. Mut. Life. Ins.*[17] The factors listed in *Cunningham* are
12 inapplicable here, as *Cunningham* involved the inadvertent production of privileged material not
13 identified in a privilege log. MS&F has not produced any privileged material to Primax; as such the
14 *Cunningham* analysis is irrelevant.

15 Primax claims that production is overdue, and that MS&F has not complied with the
16 subpoena. MS&F's objection to the subpoena excused it from further production or compliance
17 absent a court order. However, MS&F continues to negotiate with Primax towards a resolution of the
18 matter.

19 MS&F engaged in diligent attempts to facilitate the parties to the action to confer regarding its
20 files.[18] Primax accuses MS&F of "**egregiously [engaging] in spoliation**,"[19] failure to "preserve
21 documents", and suggests that sending files to a client's new counsel to preserve privilege is
22 analogous to deleting emails.[20] Primax's arguments that a narrow exception to the automatic stay of
23 discovery provided for by the Private Securities Litigation Reform Act apply to the instant case are

---

[16] *See In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (Privilege log not required until motion to compel brought when White House asserted claim of privilege in response to subpoena).
[17] 845 F. Supp. 1403 (S.D. Cal. 1994).
[18] Cherng Declaration ¶¶ 1-3
[19] Notice of Motion, Docket No. 4 (emphasis in original).
[20] *In re Napster Copyright Litigation*, 462 F.Supp.2d 1060, 1068 (N.D. Cal. 2006).

Case No. 5:11-mc-80121-LHK-HRL                                                                                                Page 3
Nonparty Mount, Spelman & Fingerman, P.C.'s Opposition to Defendant Primax's Motion to Compel

similarly uninformative.[21]  On the contrary, courts acknowledge that former counsel turning documents over to current counsel do so at least in partial compliance to a subpoena.[22]

**Primax's Requests are Improper Under Rule 26**

Under Rule 26, a court must limit the extent or frequency of discovery if it finds that (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit. Furthermore, Rule 26(g) "requires a party to make a 'reasonable inquiry' before taking discovery, paralleling the thrust of Rule 11 with respect to making allegations in a complaint."[23] Unfounded suspicions do not support discovery into that subject matter.[24]

Here, all but Requests, 5, 8, and 15 are cumulative or duplicative of at least one request for production propounded by Primax on Plaintiffs in the main action that was the subject of Primax's Motion to Compel in the Main Action:

| Subpoena Request# | Duplicative of Request for Production # |
|---|---|
| 1 | 4, 5, 10, 28, 36, 42-45, 51 |
| 2 | 4, 5, 10, 28, 36, 42-45, 51 |
| 3 | 46 |
| 4 | 4, 5, 10 |
| 6 | 4, 5, 10 |
| 7 | 4, 5, 10, 28, 45, MSC Request #47 |
| 9 | 17 – 19, 23, 32, 34, 35, 37, 40, 85, 87 |
| 10 | 17 – 19, 23, 32, 34, 35, 37, 40, 85, 87 |
| 11 | 33, 56, 57, 68 – 70, 78 |

---

[21] *In re Fluor Corp. Securities Litigation*, 1999 U.S. Dist. LEXIS 22128 (N.D. Cal. 1999).
[22] *Unigene*, 2007 U.S. Dist. LEXIS at *5.
[23] *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990)
[24] *Id.*

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000

| | |
|---|---|
| 12 | 22, 58 |
| 13 | 22 |
| 14 | 22 |

The table shows that the listed requests are cumulative or duplicative of existing requests for production in the main action, and they seek documents that are readily obtainable from Plaintiffs, parties to the main action who are subject to more stringent discovery requirements.[25] Primax has had ample opportunity to obtain the documents through discovery, given the number of requests for production it has propounded upon Plaintiffs.[26]

Furthermore, Requests 3 through 8 demand production of documents related to either (1) the Prior Action, or (2) actions taken before the USPTO in 2010 regarding the '455 Patent. MS&F was not involved in any of the specified actions; Primax has not explained why it believes MS&F possesses documents responsive to these requests.  Primax's unfounded suspicions about the contents of MS&F's files do not support discovery into this subject matter.

Request 15 is objectionable as being overbroad as asking for "all documents" relating to a U.S. Patent despite the public availability of the patent's file history from the USPTO. Furthermore, the relevance of a patent that is admittedly not the patent in suit is questionable at best, and Primax has put forth no basis for why this matter is discoverable, either in response to requests by MS&F, or in its briefings.[27]

**Primax's Motion to Compel Fails to Satisfy Civil L.R. 37-2.**

Civil L.R. 37-2 requires that a party filing a motion to compel must, for each request, "detail the basis for the party's contention that it is entitled to the requested discovery and must show how the proportionality and other requirements of FRCivP 26(b)(2) are satisfied." Primax's motion

---

[25] *See Johnson v. Askin Capital Mgmt. L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y 2001) (Under Rule 34, "documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody, or control.'")

[26] Judging from the headings in the Joint Stipulation, Primax has propounded at least 88 requests upon KYA, at least 63 upon KYE, and at least 57 upon MSC.

[27] *See Hobley v. Burge*, 433 F.3d 946, 951 (7th Cir. 1996) ("There is no authority for the proposition that a nonparty has an affirmative duty to learn about and inject itself into litigation simply because it possesses information one of the parties might find useful.")

Case No. 5:11-mc-80121-LHK-HRL                                                                                                  Page 5
Nonparty Mount, Spelman & Fingerman, P.C.'s Opposition to Defendant Primax's Motion to Compel

1 deflects this requirement. Furthermore, as discussed above, Primax's requested discovery does not
2 meet the requirements of Rule 26(b)(2). Accordingly, Primax's motion does not make the necessary
3 showing under Civil L.R. 37-2.

**Primax Should Bear the Costs of Compliance**

The Federal Rules of Civil Procedure recognize that "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party"[28] and require that nonparties who respond to discovery requests be protected from "significant expense."[29] Orders to compel production must also protect nonparties from "significant expense resulting from compliance.[30] In assessing whether to shift the costs of discovery to the requesting party, the courts look at several factors enumerated by the Ninth Circuit: (1) the scope of the discovery; (2) the invasiveness of the request; (3) the extent to which the producing party must separate responsive information from privileged or irrelevant material; and (4) the reasonableness of the costs of production.[31]

MS&F's files consist of 6 boxes of paper files, most of which exist only in hardcopy. Compliance with the subpoena would require MS&F to expend significant time and expense to review, copy, stamp, and produce responsive, non-privileged materials. Review of paper files presents additional difficulties as the Federal Rules require the documents to be produced as kept in the ordinary course of business. Therefore, preserving the physical order of documents is an issue when dealing with paper documents that is not present in electronic format.

Here, the first two *CBS* weight in favor of cost shifting. As discussed above, Primax's requests are either cumulative or duplicative, overbroad, irrelevant, or based upon unfounded suspicion. If forced to comply with the subpoena, the majority of MS&F's efforts would involve separating privileged material, as Primax's requests seek facially documents and information protected by privilege. Accordingly, the third *CBS* factor weights in favor of shifting costs to Primax.

---

[28] *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).("*CBS*")
[29] Fed. R. Civ. P. 45(c)(2)(B).
[30] *Id. See also Mirana v. Battery Tai-Shing Corp.,* 2009 U.S. Dist. LEXIS 12212 (N.D. Cal. Feb. 5, 2009) ("Where a court orders a non-party to comply with production, the Federal Rules of Civil Procedure mandate cost shifting to protect the non-party against significant expense").
[31] *CBS*, 666 F.2d at 372.

1  The fourth *CBS* factor also weighs in favor of cost shifting. Primax rejected a proposal by MS&F by
2  which Primax would pay for the scanning of the boxes of documents to expedite the review process.
3  A vendor quoted MS&F approximately $2500 for processing. Counsel for Primax offered to inspect
4  MS&F's files on site. MS&F did not accept this offer due to privilege and confidentiality concerns.

**Conclusion**

MS&F has acted in accordance the requirements imposed upon it by the Federal Rules of Civil Procedure. Accordingly, MS&F respectfully requests that the Court deny Primax's motion to compel documents, or in the alternative, enter a protective order requiring Primax narrow its requests within the bounds of reasonable discovery, and bear the costs of compliance. To the extent the Court declines to shift the costs of production to Primax, MS&F respectfully reserves its rights to seek post-compliance reimbursement.

Date: June 21, 2011              /s/ Jing H. Cherng
                                 Counsel for Mount, Spelman & Fingerman, P.C.